UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**ESTHER CATHERINE BOWLIN**                                                                 **PLAINTIFF**

v.                                           **CASE NO. 3:08-CV-00029 BSM**

**ARKANSAS DEPARTMENT OF HEALTH;
DR. PAUL HALVERSON, Director of Arkansas
Department of Health, in his individual and official
capacities; HELEN BROWN, In-Home Service
Coordinator for Northeast Region of Arkansas
Department of Health, in her individual and official
capacities; and GEORGIA MURPHY, In-Home
Service Coordinator for Northeast Region of
Arkansas Department of Health, in her individual
and official capacities**                                                                 **DEFENDANTS**

## ORDER

Before the court is plaintiff's Rule 59 motion to reconsider. Although plaintiff states that she is proceeding under Federal Rule of Civil Procedure 59, the court will consider the motion under Federal Rule of Civil Procedure 60, which allows the court to relieve a party of an order due to, *inter alia*, "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). *See Broadway v. Norris*, 193 F.3d 987, 989 (8th Cir. 1999) (stating that the terms of Rule 60(b) encompasses a motion filed in response to an order, while Rule 59(e) motions are motions to alter or amend a judgment, not any nonfinal order, and thus, the motion for reconsideration should be construed as a Rule 60(b) motion).

Plaintiff requests that the court reconsider its order denying plaintiff's motion for leave to file an amended complaint alleging a class action under Federal Rule of Civil Procedure 23 for damages based on the Fair Labor Standards Act ("FLSA"). In her motion

to reconsider, plaintiff attempts to raise several arguments not reached by the Eighth Circuit in *Moad v. Arkansas State Police Dep't*, 111 F.3d 585, 587 (8th Cir. 1997).  Specifically, plaintiff states that the FLSA could have been enacted pursuant to Congress's power under the Fourteenth Amendment.  In *Raper v. Iowa*, 115 F.3d 623, 624 (8th Cir. 1997), the Eighth Circuit stated, "FLSA's overtime provisions cannot be regarded as serving a Fourteenth Amendment purpose," but noted that "we leave for another day the issue of whether the Fourteenth Amendment gives Congress the power to override a state's Eleventh Amendment immunity for violations of the FLSA's equal pay provisions."  *See also O'Sullivan v. Minnesota*, 191 F.3d 965, 967-68 (8th Cir. 1999).

Plaintiff also argues that prior to the Supreme Court's decision in *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996), Arkansas allowed itself to be sued pursuant to the FLSA, which evidences a waiver of Eleventh Amendment immunity.  In *College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 675-76, 119 S. Ct. 2219, 2226 (1999), the United States Supreme Court stated:

> [O]ur "test for determining whether a State has waived its immunity from federal-court jurisdiction is a stringent one." *Atascadero State Hospital v. Scanlon,* 473 U.S. 234, 241, 105 S.Ct. 3142, 87 L.Ed.2d 171 (1985). Generally, we will find a waiver either if the State voluntarily invokes our jurisdiction, *Gunter v. Atlantic Coast Line R. Co.,* 200 U.S. 273, 284, 26 S.Ct. 252, 50 L.Ed. 477 (1906), or else if the State makes a "clear declaration" that it intends to submit itself to our jurisdiction, *Great Northern Life Ins. Co. v. Read,* 322 U.S. 47, 54, 64 S.Ct. 873, 88 L.Ed. 1121 (1944).

Plaintiff has failed to demonstrate a waiver of immunity.

Finally, plaintiff asserts that she is left without a remedy in any court, which is a violation of due process. This argument does not succeed because, in *Moad*, the Eighth Circuit expressly noted that the state court referred the state employee FLSA plaintiffs to the Arkansas Claims Commission. 111 F.3d at 587 (citing Ark. Code Ann. § 19-10-204).

Accordingly, plaintiff's Rule 59 motion to reconsider (Doc. No.15) is denied.

IT IS SO ORDERED this 16th day of January, 2009.

_____
UNITED STATES DISTRICT JUDGE